IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIM. CASE NO. 2:24-cr-295-ECM |
| ) | [WO] |
| DERRICK RUDOLPH ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's motion to reset trial (doc. 15) filed on August 6, 2024. Jury selection and trial are presently set on the term of court commencing on October 21, 2024. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," as well as delays

based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(1)(D), (h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider," among other factors, whether denial of a continuance would "be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." *Id.* § 3161(h)(7)(B)(i).

The Defendant acknowledges that this case is presently set for trial on October 21, 2024, which is not one of the undersigned's Northern Division criminal trial terms. Additionally, the current trial setting conflicts with other previously scheduled trials in another division; specifically, the undersigned has long had several Southern Division civil and criminal cases set on October 21, 2024. The undersigned obviously cannot be in two places at once; thus, the denial of the Defendant's requested continuance would "be likely to make a continuation of [this] proceeding impossible." *See id.* Moreover, defense counsel represents to the Court that he has consulted with the Defendant about his right to a speedy trial, and that the Defendant agrees for his trial to be reset to this Court's January 6, 2025 trial term. The Government does not oppose a continuance. After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial. Accordingly, and for good cause, it is

ORDERED that the motion to reset trial (doc. 15) is GRANTED, and jury selection and trial are CONTINUED from October 21, 2024, to the criminal term of court set to commence on **January 6, 2025 at 10:00 a.m.** in **Montgomery**, Alabama. All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the January trial term.

Done this 13th day of August, 2024.

                                      /s/ Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE